## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN BROOKS #120387**                                    **CIVIL ACTION**

**versus**                                                **NO. 06-2428**

**N. BURL CAIN, WARDEN,**                                  **SECTION: "M" (1)**
**LOUISIANA STATE PENITENTIARY**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, John Brooks, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On February 21, 1991, he was convicted of two counts of first degree murder.[2]  On July 26, 1991, he was sentenced on both counts to death by lethal injection.[3]  On January 17, 1995, the Louisiana Supreme Court affirmed his convictions but vacated the sentences and remanded the matter.[4]  On December 5, 1997, he was resentenced on both counts to consecutive terms of life imprisonment without benefit of probation, parole, or suspension of sentence.[5]

On or after October 27, 1998, petitioner filed with the state district court an application for post-conviction relief.[6]  In connection with that application, the court granted petitioner an out-of-time appeal on October 29, 1998.[7]  On April 10, 2002, the Louisiana Fourth

---

[2] State Rec., Vol. I of VII, minute entry dated February 21, 1991.  Those two counts of first degree murder were severed for trial from a multi-count indictment.  Petitioner was separately tried on and convicted of four other counts of first degree murder from that same indictment.  He is also currently challenging those convictions in this Court in Brooks v. Cain, Civ. Action No. 06-2033 "M"(1).  A Report and Recommendation is being issued in that case on this same date.

[3] State Rec., Vol. I of VII, minute entry dated July 26, 1991.

[4] State v. Brooks, 648 So.2d 366 (La. 1995).

[5] State Rec., Vol. III of VII, transcript of December 5, 1997, p. 5; State Rec., Vol. I of VII, minute entry dated December 5, 1997.

[6] State Rec., Vol. II of VII.  Petitioner signed that application on October 27, 1998; therefore, it could not have been filed before that date.

[7] State Rec., Vol. I of VII, minute entry dated October 29, 1998; see also State Rec., Vol. I of VII, minute entry dated March 10, 2000.

Circuit Court of Appeal affirmed his life sentences.[8]  He did not seek review of that judgment by filing a related writ application with the Louisiana Supreme Court.[9]

On September 18, 2002, petitioner filed with the state district court an application for post-conviction relief.[10]  When he failed to receive a ruling on that application, he filed a petition for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[11]  The court treated that application as one for a supervisory writ and denied petitioner's underlying post-conviction claims on March 11, 2005.[12]  He then filed with the Louisiana Supreme Court a related writ application[13] which was denied on February 3, 2006.[14]

On March 20, 2006, petitioner filed the instant federal application for *habeas corpus* relief asserting numerous claims.[15]  The state argues that petitioner's federal application is untimely.[16]  For the following reasons, this Court agrees.

---

[8]  <u>State v. Brooks</u>, 817 So.2d 288 (La. App. 4th Cir. 2002) (No. 2000-KA-2337); State Rec., Vol. III of VII.

[9]  <u>See</u> Rec. Doc. 1, supporting memorandum, p. 5.

[10]  State Rec. Supplemental Vol. 9.

[11]  State Rec., Vol. VII of VII.

[12]  <u>State v. Brooks</u>, No. 2005-K-0106 (La. App. 4th Cir. Mar. 11, 2005) (unpublished); State Rec., Vol. VII of VII.

[13]  State Rec., Vol. VII of VII.

[14]  <u>State *ex rel.* Brooks v. State</u>, 922 So.2d 1170 (La. 2006) (No. 2005-KH-1219); State Rec., Vol. VII of VII.

[15]  Rec. Doc. 1.

[16]  Rec. Doc. 9.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[17]

As previously noted, on January 17, 1995, the Louisiana Supreme Court affirmed petitioner's convictions but vacated the sentences and remanded the matter for resentencing.  On December 5, 1997, he was resentenced on both counts to consecutive terms of life imprisonment without benefit of probation, parole, or suspension of sentence.  He did not file an appeal of his resentencing.

In light of the foregoing, the state argues that, despite the fact that the matter was remanded for resentencing, petitioner's convictions became final, and his federal statute of limitations commenced, on April 17, 1995, when his ninety-day period expired for filing an application for a writ of certiorari with the United States Supreme Court to challenge the Louisiana Supreme Court's judgment of January 17, 1995.[18]  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).

---

[17]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[18]   Rec. Doc. 9, pp. 6-7.  The state notes that the claims petitioner asserts herein challenge only his convictions, not his sentences.

Alternatively, the state argues that if the limitations period did not commence at that point, it commenced no later than when his period expired for filing a timely appeal of his resentencing.[19]

       Determining which date is applicable is made difficult by the fact that both the state law concerning finality of convictions[20] and the federal law concerning the effect of such state law on the federal limitations period[21] are arguably unclear.  However, this Court need not resolve the issue because, even if the Court assumes without deciding that the later date is applicable, petitioner's federal application is still untimely.

       Under the latter scenario, the limitations period would have commenced no later than December 12, 1997, when petitioner's period expired for appealing the resentencing of December

---

[19]  Rec. Doc. 9, p. 7 n.4.

[20]  Under Louisiana law, a conviction normally is not considered final and cannot be appealed until a valid sentence is imposed.  See State v. Chapman, 471 So.2d 716 (La. 1985) (dismissing appeal of conviction because defendant had not yet been resentenced); see also State v. Horne, 768 So.2d 228 (La. App. 1st Cir. 2000); State v. Russland Enterprises, Inc., 542 So.2d 154 (La. App. 1st Cir. 1989).  However, at other times, including in the instant case, the Louisiana appellate courts rule on challenges to the underlying conviction despite vacating the related sentences and remanding the matter for resentencing.

[21]  A federal court is not bound by the state law's definition of finality; nevertheless, some state law processes and filing periods are considered when a federal court makes such determinations. See, e.g., Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003).

5, 1997.[22]  Therefore, he would have had only one year from that date to file his federal application,

unless that deadline was extended due to tolling.

      The Court first considers statutory tolling.  The AEDPA provides that the statute of

limitations is tolled for the period of time during which a properly filed application for state post-

conviction relief or other collateral review attacking a conviction or sentence is pending in state

court.  28 U.S.C. § 2244(d)(2).

      Three hundred eighteen (318) days of petitioner's one-year statute of limitations

elapsed prior to being tolled by the filing of his post-conviction application on October 27, 1998.

That application resulted in him being granted an out-of-time appeal with respect to his

resentencing; however, on April 10, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed

his life sentences.[23]  Accordingly, the federal limitations period remained tolled from the time the

_____

   [22] In its response, the state argues that petitioner had thirty days to file an appeal.  That is incorrect.  Although the current law provides for a thirty-day period, that was not the law at the time of petitioner's resentencing.  In 1997, La.C.Cr.P. arts. 13 and 914 provided that a defendant had *five* days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.  In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays.  La.Rev.Stat.Ann. § 1:55(A).  In 1997, December 6 was a Saturday and December 7 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner.

   [23] Although the record is somewhat unclear, it appears that, while that out-of-time appeal was pending, petitioner may have filed with the state district court an application for post-conviction relief in March of 1999.  When the court failed to rule on that application, he filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.  State Rec., Vol. VII of VII.  The Court of Appeal treated that application as one for a supervisory writ and denied the underlying post-conviction claims on October 19, 1999.  State v. Brooks, No. 99-K-2345 (La. App. 4th Cir. Oct. 19, 1999) (unpublished); State Rec., Vol. VII of VII.  However, those proceedings are of no consequence here, because all of 1999 was already tolled based on the 1998 post-conviction application and the pending out-of-time appeal.

post-conviction application was filed until May 10, 2002, when his period expired for filing a writ

application with the Louisiana Supreme Court to challenge that affirmance.  See Melancon v. Kaylo,

259 F.3d 401, 404-06 (5th Cir. 2001); Louisiana Supreme Court Rule X, § 5(a).[24]

At that point, petitioner had only forty-seven (47) days remaining of his one-year

statute of limitations.  Accordingly, that period expired on June 26, 2002, unless he was entitled to

further tolling.

---

[24] Out of an abundance of caution, the Court notes that the statute of limitations was *not* "restarted" as a result of the out-of-time appeal granted in connection with the first state post-conviction application.  As noted, petitioner's convictions and sentences had already become final, at which time the AEDPA's statute of limitations had properly commenced.  Once commenced, the limitations period could only be tolled, not restarted.  The United States Fifth Circuit Court of Appeals has held:

> On its face, AEDPA provides for only a *linear* limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.  See § 2244(d)(1), (2).  *So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review.  See* § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir. 2004) (emphasis added); see also Juarbe v. Cain, Civ. Action No. 06-0513, 2006 WL 2849859, at *3-5 (E.D. La. Sept. 29, 2006); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *5-6 (E.D. La. Sept. 5, 2006).  In the instant case, there is no question that petitioner is still being held pursuant to the same judgment, in that neither his convictions nor sentences were altered in any way as a result of the out-of-time appeal proceedings.  Accordingly, those proceedings had no effect on the statute of limitations' commencement date.

Petitioner had no applications for post-conviction relief or other collateral review pending at any time from May 11, 2002, through June 26, 2002. Therefore, he clearly is entitled to no further statutory tolling.[25]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 26, 2002, in order to be timely. Petitioner's federal application was not filed until March 20, 2006,[26] and it is therefore untimely.

---

[25] Although petitioner subsequently another state post-conviction application in September of 2002, that application and the related appellate court filings have no bearing on the timeliness of his federal application because they were filed after the statute of limitations had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[26] Petitioner signed his application on March 20, 2006. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John Brooks be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of September, 2007.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**