UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN BROOKS #120387**            **CIVIL ACTION**

versus            **NO. 06-2428**

**N. BURL CAIN, WARDEN,**            **SECTION: "M" (1)**
**LOUISIANA STATE PENITENTIARY**

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On February 21, 1991, petitioner, John Brooks, was convicted in state court of two counts of first degree murder.[1] He currently stands sentenced on those two convictions to consecutive terms of life imprisonment without benefit of probation, parole, or suspension of sentence.[2]

On March 20, 2006, petitioner filed the instant federal application for *habeas corpus* relief asserting numerous claims. The undersigned concluded that, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's application was untimely filed and recommended that it be dismissed with prejudice on that basis.[3] Based on petitioner's objections to that Report and Recommendation,[4]

---

[1] State Rec., Vol. I of VII, minute entry dated February 21, 1991. Petitioner was separately tried on and convicted of four other counts of first degree murder severed from the same indictment. On December 20, 2007, federal *habeas corpus* relief was denied with respect to those convictions in Brooks v. Cain, Civ. Action No. 06-2033 "M"(1).

[2] State Rec., Vol. III of VII, transcript of December 5, 1997, p. 5; State Rec., Vol. I of VII, minute entry dated December 5, 1997.

[3] Rec. Doc. 21.

[4] Rec. Doc. 27.

the United States District Judge recommitted the matter to the undersigned for a determination of whether petitioner's application could be considered timely based on 28 U.S.C. § 2244(d)(1)(D).[5]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The AEDPA generally requires that a federal *habeas corpus* application be filed within one year of "the date on which the [petitioner's underlying state criminal] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the commencement of the limitations period is delayed in certain circumstances. Of potential relevance here, the commencement of the limitations period is delayed when a petitioner asserts a claim or claims based on previously undiscoverable facts. In that instance, the limitations period with respect to those particular claims does not commence until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[6] However, for the following reasons, § 2244(d)(1)(D) is simply inapplicable in the instant case because petitioner presents no such claims based on new, previously undiscoverable facts.

---

[5] Rec. Doc. 28.

[6] In that circumstance, the timeliness of only the particular claims based on the newly discovered facts is affected, not the timeliness of the application in its entirety. See Gillum v. Norris, No. 5:06cv00064, 2007 WL 1442683, at *6 (E.D. Ark. May 16, 2007) ("The timeliness calculation under § 2244(d)(1)(D) requires 'claim-by-claim consideration,' meaning that, if applicable, the provision would not make [a] habeas petition timely as to *all* claims raised, but only as to the claims based solely on newly discovered facts."); see also Harrison v. Campbell, No. CIV S-05-1546, 2006 WL 2169109, at *1 (E.D. Cal. Aug. 1, 2006) (Hollows, M.J.) (adopted by England, J., on Oct. 12, 2006), *aff'd*, 2007 WL 4038722 (9th Cir. Nov. 16, 2007).

- 2 -

In this proceeding, petitioner was convicted of the murders of Edward Harrison on November 9, 1986, and of Archie Chapman on November 15, 1986. The "newly discovered evidence" referenced in petitioner's objections is a laboratory report from the Orleans Parish Coroner's Office concerning the analysis of forensic evidence taken from Diedre Harrison, who was raped in connection with the murder of Chapman.[7] That report showed that Diedre Harrison's blood was Type A and that internal vaginal swabs taken from her found substances from both Type A and Type O blood groups. Petitioner essentially argues that, because his blood is also Type A and that

---

[7] On direct appeal, the Louisiana Supreme Court summarized the facts of that crime as follows:

> The second murder resulting in the convictions which we now review occurred just a week later, on November 15, 1986, at approximately 1:15 am. At that time Archie Chapman, the victim, was parked in his 1977 Buick station wagon under the I-610 overpass at the intersection of Humanity and Allen Streets in New Orleans. Chapman was accompanied by his girlfriend, D.H., a minor.
> While Chapman and D.H. were sitting in the station wagon, an armed man, later identified by Chapman's girlfriend as the defendant, John Brooks, suddenly pulled open the driver's side door. Brooks pointed his revolver at Chapman and stated "Give me what you got." D.H. then began to scream, while Chapman complied with Brooks' request and handed him some money. Brooks stated "That's all you got?" and then turned to D.H. and said "Shut up, bitch, shut up." When Chapman made a move towards Brooks, Brooks shot him in the front of the chin. The bullet went through Chapman's mouth and throat, opening up the carotid and vertebral arteries and causing massive blood loss from which Chapman ultimately died.
> After being shot, Chapman's body slipped to the passenger side, falling across D.H.'s lap. Brooks then forced D.H. out of the station wagon and into his blue pick-up truck. Brooks drove D.H. to the St. Louis Hotel in New Orleans where he rented a room for three (3) hours from the owner, Murray Lacey. Brooks forced D.H. into the room, raped her, then drove her back to her neighborhood where she managed to elude Brooks.

State v. Brooks, 648 So.2d 366, 368 (La. 1995).

he is a Type A secretor, this evidence showing the presence of Type O blood proves that he was not the person who raped Diedre Harrison and, therefore, he was not the person who shot Chapman.

However, petitioner's contention that the forensic report is "newly discovered evidence" is patently false. Contained in the state court record is an "Acknowledgment of Receipt of Evidence" executed by defense counsel on August 14, 1990. In that acknowledgment, defense counsel expressly stated that he had received the report in question.[8] Therefore, that evidence is *not* newly discovered. To the contrary, it was furnished to the defense long before petitioner was even convicted on February 21, 1991. Accordingly, § 2244(d)(1)(D) does not apply.

In his objections, petitioner also referenced a separate report dated January 22, 1991, which documents his own blood type as Type A. To the extent that he is contending that report warrants the application of § 2244(d)(1)(D), that contention is likewise unavailing. Even if that report was not provided to the defense, *which is an issue this Court need not and does not reach*, defense counsel could have discovered the factual predicate at issue, i.e. petitioner's blood type, at any time, and certainly prior to trial, through the exercise of due diligence. Therefore, again, § 2244(d)(1)(D) simply does not apply.

Because § 2244(d)(1)(D) is inapplicable, and because there is no basis for finding that the statute of limitations was delayed on any other grounds,[9] the timeliness of his application must

---

[8] State Rec., Vol. II of VII, Acknowledgment of Receipt of Evidence, p. 3, ¶ 20. A copy of that document is attached to this Supplemental Report and Recommendation.

[9] The AEDPA further provides that the commencement of the limitations period is also delayed when (1) the *habeas* petitioner has been prevented from filing his application due to an impediment created by State action in violation of the Constitution or laws of the United States or (2) the petitioner is asserting a claim based on a right newly recognized by the United States Supreme Court

- 4 -

be determined based on § 2244(d)(1)(A). For the reasons set forth in the original Report and Recommendation,[10] petitioner's federal application is clearly untimely under § 2244(d)(1)(A).[11]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John Brooks be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of February, 2008.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B) and (C). There is no allegation or evidence that either of those provisions apply in the instant case.

[10] Rec. Doc. 21.

[11] Because petitioner's federal application is untimely, the undersigned need not address the merits of his underlying claims.

- 5 -

STATE OF LOUISIANA          CRIMINAL DISTRICT COURT

VS.          PARISH OF ORLEANS

JOHN BROOKS          NO. 318-415, SECTION "I"

## ACKNOWLEDGMENT OF RECEIPT OF EVIDENCE

Counsel for John Brooks, defendant herein, hereby acknowledges that the State of Louisiana, through the District Attorney for the Parish of Orleans, has provided him with xerox copies of the following reports and evidence in connection with the murder prosecution of John Brooks for the deaths of Archie Chapman and Edward Harrison, Jr.:

1. Police report of Police Officer Iris McMillan, Item No. K-9261-86, dated 11-9-86, consisting of 5 pages.

2. Police report of Det. Steven Nicholas, Item No. K-9261-86, consisting of 5 pages, regarding the death of Edward Harrison.

3. Police report of Det. Michael Fejka, Item No. K-9261-86, regarding the investigation of the death of Edward Harrison, Jr., consisting of 21 pages.

4. Process verbal of autopsy of Edward Harrison, Jr.

0090 0212 0083 0213

5. Coroner's photographs (14) of Edward Harrison, Jr.

6. Autopsy report regarding Edward Harrison, Jr.

400

7.  Coroner's Office laboratory report regarding Edward Harrison, Jr. ("Death of Edward Harrison").

8.  New Orleans Crime Laboratory Firearms Identification report dated January 28, 1987, Item Nos. K-9261-86 and K-15671-86.

9.  Crime scene technician report of Police Officer Doucet, consisting of 6 pages.

10. Crime scene report of Tech. Patrolea, Item No. K-9261-86, 3 pages.

11. New Orleans Police Department notice of impoundment of vehicle dated 11-11-86, Item No. K-9261-86.

12. Crime scene photographs, 13.

13. Certified copy of per curiam decision of the Court of Appeal for the Fourth Circuit, State of Louisiana, in No. 89-KA-0344

14. New Orleans Police Department complaint history, Item No. K-15671-86.

15. New Orleans Police Department incident report of Police Officer C. Daves, Sr., in Item No. K-15671-86, consisting of 5 pages.

16. Warrant to arrest and attached affidavit for Alonzo Welkike, Item No. K-15671-86.

401

17. Homicide report of New Orleans Police Det. Steven Nicholas, Item No. K-15671-87, regarding his investigation into the death of Archie Chapman, consisting of 30 pages.

18. Criminal Investigation Bureau report of the murder of Archie Chapman, Item No. K-15671-86, 5 pages.

19. N.O.P.D. Crime Lab report of Alan E. Sison, Item No. K-15671-86, dated November 20, 1986, 1 page.

20. Forensic laboratory report of the Coroner's Office regarding the rape of Deidre Harrison, Lab No. L-643-86, Item No. K-15671-86.

21. N.O.P.D. Crime Lab report of Daniel Waquespack dated November 19, 1986, Item No. K-15671-86.

22. Crime scene report of Police Officer Cusimano, Item No. K-15671-86, regarding Archie Chapman, 8 pages.

23. N.O.P.D. Crime Lab report of Alan E. Sison dated November 20, 1986, Item No. K-15671-86, regarding Archie Chapman.

24. Crime scene report.

25. Xerox copies of crime scene photographs, Item No. K-15671-86, 27 photos.

26. Process verbal of autopsy of Archie Lee Chapman.

27. Xerox copies of coroner's photos of Archie Lee Chapman, 6 photos.

28. Coroner's report No. M86-11-88, regarding the death of Archie Lee Chapman.

29. Coroner's Office lab report No. T616-86, regarding Archie Chapman.

30. Notes of Det. John Reynolds regarding confessions of John Brooks on December 30 and 31, 1986, consisting of 16 pages.

31. Copy of Grand Jury testimony of Debra Hilton.

32. Bill of information, waiver of constitutional rights on Plea of Guilty form, one page of docket master, and minute entry, in the case of *State v. John Brooks*, No. 311-397 "B", Criminal District Court for the Parish of Orleans.

Undersigned counsel for defendant affirms that he has checked the aforesaid items for completeness and affirms that the items have been provided in their entirety.

Date: 8-14-90

ATTORNEY FOR JOHN BROOKS

These materials were provided to defense counsel this 14th day of Aug., 1990 by Assistant District Attorney Jack Peebles.

JACK PEEBLES